[Cite as *Bank of Am., N.A. v. Singh*, 2013-Ohio-1305.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2012-07-146 |
| | : | O P I N I O N |
| - vs - | | 4/1/2013 |
| | : | |
| MEET PAL SINGH, et al., | : | |
| Defendants-Appellants. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV11-08-3068


Dustin Looser, 120 East 4th Street, Suite 800, Cincinnati, Ohio 45202, for plaintiff-appellee

Manjit Kaur, 7993 Dorsetshire Drive, West Chester, Ohio 45069, defendant-appellant, pro se

Manjinder Pal Singh, 7993 Dorsetshire Drive, West Chester, Ohio 45069, defendant-appellant, pro se

Michael DeWine, Ohio Attorney General, Melanie Cornelius, 150 East Gay Street, 21st Floor, Columbus, Ohio 43229, for defendant, State of Ohio Tax Division


**HENDRICKSON, P.J.**

{¶ 1}  Defendant-appellant, Manjit Kaur, appeals a decision of the Butler County Court of Common pleas granting summary judgment and a decree of foreclosure in favor of plaintiff-appellee, Bank of America, N.A., successor by merger to BAC Home Loans

Servicing, L.P., f.k.a. Countrywide Home Loans Servicing, L.P.[1] For the reasons discussed below we affirm the decision of the trial court.

{¶ 2}  In June 1992, Meet Pal Singh and appellant, as husband and wife, took title to the real property commonly known as 7993 Dorsetshire Drive in West Chester, Ohio.  On January 10, 2000, Singh executed a promissory note in favor of America's Wholesale Lender in the principal amount of $168,000.  The note was secured by a mortgage on the Dorsetshire property. Payments were routinely made under the terms of the note until Singh died in June 2008.  Shortly after Singh's death, appellant defaulted on the note.

{¶ 3}  Bank of America, after becoming the holder of the note and mortgage as a result of merger, initiated a foreclosure action on August 31, 2011.[2] In its complaint, Bank of America alleged that it was the holder of the note secured by the mortgage on the Dorsetshire property that was in default for $153,035.68, together with interest at the rate of 8.75 percent per year from October 1, 2008.  Bank of America further alleged that it had a valid first lien upon the property and it sought to have the mortgage foreclosed, the property sold, and the proceeds distributed.  Appellant filed an answer, setting forth several defenses.

{¶ 4}  On February 16, 2011, Bank of America filed a motion for default judgment against those defendants who failed to answer or otherwise appear in the case as well as a motion for summary judgment against appellant.  Within its motion for summary judgment, Bank of America argued the mortgage loan account was delinquent and $153,035.68, plus

---

1. Appellant's brief is captioned "Brief of Manit Kaur (wife) and Manjinder Singh (son) Executor of the Estate of Meet Pal Singh, Deceased."  Manjinder Singh did not participate in the proceedings below in an individual capacity or as executor of his father's estate, and, as such, he is not a proper party to the present appeal. "To have standing to appeal, a person must either have been a party to the case or have attempted to intervene as a party.  A person not a party to the action has no right of direct appeal from an adjudication." *Lopez v. Veitran*, 1st Dist. No. C-110511, 2012-Ohio-1216, ¶ 10, citing *State ex rel. Lipson v. Hunter*, 2 Ohio St.2d 225 (1965). Accordingly, we limit our discussion to those arguments presented by Kaur.

2. In July 2010, the mortgage was assigned from Countrywide Home Loans, Inc., f.k.a. Countrywide Funding Corporation d.b.a. America's Wholesale Lender, to BAC Home Loans Servicing, L.P., f.k.a. Countrywide Home Loans Servicing, L.P.  In July 2011, Bank of America acquired an interest in the promissory note and mortgage after it merged with BAC Home Loans Servicing.

interest, was due and owed. Bank of America contended that appellant's affirmative defenses were meritless and, further, should not be considered as "no operative facts [were] alleged and the 'defenses' [were] insufficient to comply with the Civil Rules requirement of notice pleading." In support of its motion for summary judgment, Bank of America attached the affidavit of Larry E. Jones, an officer of Bank of America. Jones averred that Bank of America is the holder of the note, that the borrower defaulted on the note by failing to make the payment due on November 1, 2008, or any subsequent installment payment thereafter, that the debt had been accelerated, and the total due under the note was the principal sum of $153,035.68, plus interest. Attached to Jones' affidavit were copies of the note, mortgage, applicable assignments of said note and mortgage to Bank of America, and a copy of the payment history of the loan.

{¶ 5} On March 7, 2011, appellant moved for an extension of time to respond to Bank of America's motion for summary judgment, which was granted by the trial court. On April 24, 2012, prior to the expiration of appellant's deadline for filing her memorandum in opposition to Bank of America's motion for summary judgment, the trial court entered judgment in favor of Bank of America. On May 2, 2012, an agreed entry setting aside summary judgment was entered, and appellant was given an additional three days to respond to the motion.

{¶ 6} Appellant filed a memorandum opposing summary judgment on May 4, 2012. In her memorandum in opposition, appellant argued that summary judgment was "premature" as the parties had not yet engaged in discovery, which appellant contended was necessary in order for factual and legal defenses to be presented. In support of her position, appellant attached an affidavit in which she avers that while she has not "yet conducted any discovery in this case * * * [i]t is [her] plan to conduct discovery to support [her] defenses."

{¶ 7} On June 29, 2012, the trial court issued a decision granting summary judgment to Bank of America. The trial court specifically noted that although appellant believed Bank

of America's motion was prematurely made as the parties had not yet engaged in discovery, appellant did not file a motion pursuant to Civ.R. 56(F) requesting additional time for discovery. The court further noted that even if it construed appellant's memorandum in opposition as containing a Civ.R. 56(F) motion, her affidavit did not provide "sufficient reasons" as to why she could not properly respond to summary judgment or why she had not engaged in discovery since the filing of the complaint.

{¶ 8} A final appealable order granting summary judgment and a decree in foreclosure was filed on July 27, 2012. Appellant timely appealed the trial court's decision, raising three assignments of error.

{¶ 9} In her first assignment of error, appellant does not challenge the trial court's decision to grant summary judgment to Bank of America, but rather raises three separate procedural issues that she claims are reversible error. Appellant argues that Bank of America failed to comply with the rules of court by neglecting to have its counsel file a notice of appearance, by incorrectly identifying the trial court judge on some of its filings, and by failing to file a response to her answer in a timely manner.

{¶ 10} Loc.R. 4.01(A) of the Butler County Court of Common Pleas requires that retained counsel in all cases file a Notice of Appearance. "Information set forth in the initial Notice of Appearance which is subsequently changed, such as attorney or address, shall be immediately reported by filing of a new Notice of Appearance." Loc.R. 4.01(B). From the record, it is clear that Bank of America was at all times represented by Lerner, Sampson & Rothfuss. Julia E. Steelman, an attorney with Lerner, Sampson & Rothfuss, filed a Notice of Appearance on behalf of Bank of America on August 31, 2011. Another attorney from Lerner, Sampson & Rothfuss, Dustin K. Looser, later became involved in the case. Looser did not file a separate Notice of Appearance.

{¶ 11} There is no indication that Looser's failure to file a Notice of Appearance

- 4 -

prejudiced appellant in any way. At all times, appellant was aware that the law firm Lerner, Sampson & Rothfuss represented Bank of America. As such, we do not find Bank of America's counsel's failure to file a Notice of Appearance to be reversible error.

{¶ 12} We further do not find reversible error in Bank of America's incorrect identification of the trial court judge assigned to the case. Although Bank of America's filings continued to identify Judge Spaeth as the trial court judge after the case was reassigned to Judge Hedric, this error was not prejudicial. Erroneous captions and labels on parties' filings do not amount to prejudicial error where the parties are given the opportunity to present the merits of their respective positions. *McLoughlin v. McLoughlin*, 10th Dist. No. 05AP-621, 2006-Ohio-1530, ¶ 21.

{¶ 13} Finally, we do not find any merit to appellant's argument that Bank of America failed to file a timely response to her answer. Bank of America was not required to file a responsive pleading. *See* Civ.R. 7(A). Furthermore, the motion for summary judgment and the motion for default judgment filed by Bank of America on February 16, 2012 were timely and appropriately filed.

{¶ 14} Accordingly, we hereby overrule appellant's first assignment of error.

{¶ 15} In her second assignment of error, appellant contends the trial court erred by failing to allow adequate time for discovery prior to ruling on Bank of America's motion for summary judgment. Appellant further argues that the trial court erred in only allowing her three days to file a memorandum in opposition to Bank of America's motion for summary judgment after the court vacated its April 24, 2012 entry.

{¶ 16} Civ.R. 56(F) provides as follows:

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be

obtained or discovery to be had or may make such other order
as is just.

Thus, "Civ.R. 56(F) 'affords a party a mechanism whereby it can seek deferral of action on a motion for summary judgment so that it may obtain affidavits opposing the motion or conduct discovery related to it.'" *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 18 (12th Dist.), quoting *Gates Mills Invest. Co. v. Pepper Pike*, 59 Ohio App.2d 155, 168-169 (8th Dist.1978). A party seeking a continuance to conduct discovery under Civ.R. 56(F) must support the motion by a proper affidavit. *Kolenich* at ¶18. "General averments requesting a continuance for the purpose of discovery are insufficient as 'the party seeking the Civ.R. 56(F) continuance must state a factual basis and reasons why the party cannot present sufficient documentary evidence without a continuance.'" *Id.*, quoting *Silver v. Jewish Home of Cincinnati*, 190 Ohio App.3d 549, 2010-Ohio-5314, ¶ 20 (12th Dist.).

{¶ 17} A trial court maintains the discretion to manage the discovery process. *Silver* at ¶ 21. A trial court's decision regarding the regulation of discovery will not be reversed on appeal absent an abuse of discretion. *Kolenich* at ¶ 19. An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted unreasonably, arbitrarily or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 18} We find that the trial court did not abuse its discretion in refusing to continue the matter so that additional discovery could be conducted. Although appellant submitted an affidavit in which she stated her plan to conduct discovery, appellant did not provide a factual basis or sufficient reasons why she was unable to present evidence in support of her affirmative defenses without the continuance. The present lawsuit was commenced on August 31, 2011. The Rules of Civil Procedure allow parties to conduct discovery immediately "after commencement of the action." *See* Civ.R. 33; Civ.R. 34. By appellant's

own admission, she had not conducted any discovery as of May 4, 2012. Given the fact that appellant had ample opportunity to conduct discovery prior to responding to Bank of America's motion for summary judgment and yet failed to do so, we find no error in the trial court's decision to deny the continuance and rule on Bank of America's motion for summary judgment.

{¶ 19} We also find that the trial court did not err in ordering appellant to file her memorandum in opposition within three days of the order vacating the April 24, 2012 entry granting summary judgment to Bank of America. Bank of America's motion for summary judgment was filed on February 16, 2012. Appellant was given 78 days to prepare and file her memorandum in opposition. If additional time was needed to respond, appellant should have filed a motion for an extension of time.

{¶ 20} For the foregoing reasons, appellant's second assignment of error is overruled.

{¶ 21} In her third assignment of error, appellant argues that the trial court erred in "overlooking" a motion for mediation filed by both parties. Appellant contends that "[t]he Trial Court was moving to[o] fast, both sides had agreed to mediation, when this happens, the Court always allows for mediation."

{¶ 22} R.C. 2323.06 provides in relevant part that "[i]n an action for the foreclosure of a mortgage, the court *may* at any stage in the action require the mortgagor and the mortgagee to participate in mediation as the court considers appropriate." (Emphasis added.) Pursuant to this rule, a trial court is not obligated to grant a motion for mediation. "The rules permit, but do not require, that a trial court consider mediation as an option." *Bank of America v. Litteral*, 191 Ohio App.3d 303, 2010-Ohio-5884, ¶ 21 (2nd Dist.). Accordingly, we review a trial court's decision to order or deny mediation in a foreclosure action for an abuse of discretion. *See id.*

{¶ 23} A joint motion to refer the case to mediation was filed by the parties on June 1,

2012. This motion was not expressly ruled upon by the trial court prior to the court's decision to grant summary judgment to Bank of America. Accordingly, the motion to refer the case to mediation is presumed to have been denied. *See Choate v. Tranet, Inc.*, 12th Dist. No. CA2003-11-112, 2004-Ohio-3537, ¶ 60; *State ex rel. The V. Cos. v. Marshall*, 81 Ohio St.3d 467, 469 (1998). We find no error in the trial court's denial of said motion as the trial court was not obligated to grant a motion for mediation. *See Litteral* at ¶ 21. In considering the totality of the circumstances in this case, including the length of time the case had been pending, we find that the trial court did not abuse its discretion in denying the motion for mediation.

{¶ 24} Appellant's third assignment of error is overruled.

{¶ 25} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.