[Cite as *JPMorgan Chase Bank v. Wanke*, 2014-Ohio-444.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-06-102 |
| | : | O P I N I O N |
| - vs - | | 2/10/2014 |
| | : | |
| ELIZABETH WANKE, et al., | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2012-10-3777

Brickler & Eckler LLP, Anne Marie Sferra, Nelson M. Reid, 100 South Third Street, Columbus, Ohio 43215, for plaintiff-appellee

James E. Kolenich, 9435 Waterstone Blvd., Cincinnati, Ohio 45249, for defendants-appellants

**HENDRICKSON, P.J.**

{¶ 1} Defendants-appellants, Elizabeth Wanke and William Wanke, appeal from a decision of the Butler County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, JPMorgan Chase Bank, N.A. For the reasons detailed below, we affirm the decision of the trial court.

{¶ 2} On October 11, 2007, Elizabeth Wanke executed a promissory note in favor of

JPMorgan in the principal amount of $183,000, with interest of 6.5 percent per annum to purchase a home located at 7947 Kennesaw Drive in West Chester, Ohio. The note called for monthly payments for a period of 30 years. Appellants executed a mortgage that secured the note and encumbered the property.

{¶ 3} JPMorgan filed a complaint in foreclosure against appellants on July 15, 2011 due to appellants' failure to make the required payments. That action was subsequently dismissed without prejudice on June 14, 2012.

{¶ 4} On October 15, 2012, JPMorgan commenced the present action regarding the same promissory note, mortgage, and property that were involved in the original action. On November 19, 2012, appellants removed the case to the U.S. District Court for the Southern District of Ohio. However, the case was subsequently remanded to the Butler County Court of Common Pleas on January 25, 2013.

{¶ 5} On March 28, 2013, JPMorgan filed a motion for summary judgment. In response, appellants filed a "motion for enlargement of time Civ.R. 56(F) with affidavits attached." Appellants' motion stated that additional discovery time was necessary to depose certain JPMorgan employees on the issue of "collateral source payments." Essentially, appellants argued that JPMorgan was not legally entitled to foreclose on their property because JPMorgan received "bailout money" through the federal government's Troubled Asset Relief Program. Therefore, appellants maintained that additional discovery time was necessary because "if the Plaintiff was 'bailed out' by taxpayers due to mortgage defaults like the one at issue here then it would violate equity in Ohio for them to be permitted the 'double recovery' of also being permitted to seize the collateral for a loan that had already been paid."

{¶ 6} On May 31, 2013, the trial court denied appellants' motion for additional discovery time under Civ.R. 56(F) and granted JPMorgan's motion for summary judgment. Appellants now appeal the trial court's decision, raising one assignment of error:

{¶ 7} THE COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY DENYING DEFENDANTS [sic] R. 56(F) MOTION AND GRANTING SUMMARY JUDGMENT TO THE PLAINTIFF.

{¶ 8} In their sole assignment of error, appellants argue the trial court erred in denying their request for additional discovery time under Civ.R. 56(F) and granting summary judgment in favor of JPMorgan. Appellants posit that JPMorgan cannot foreclose on their property because JPMorgan received TARP "bailout money" from the federal government. In essence, appellants believe that the federal TARP money received by JPMorgan should be applied to offset the amount due on their promissory note. Appellants argue that, if JPMorgan is permitted to foreclose on the property, JPMorgan would "double recover" because JPMorgan would be in receipt of both the foreclosed property and the federal TARP money. In other words, appellants contend that JPMorgan cannot foreclose on their property because JPMorgan did not suffer any damages as a result of the default on the promissory note at issue in the present case. Therefore, appellants maintain that additional discovery time pursuant to Civ.R. 56(F) was necessary in order to depose bank employees on the issue of damages.

{¶ 9} We will first address whether the trial court erred in overruling appellants' motion for additional discovery time under Civ.R. 56(F). Pursuant to Civ.R. 56(F):

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

Accordingly, "Civ.R. 56(F) 'affords a party a mechanism whereby it can seek deferral of action on a motion for summary judgment so that it may obtain affidavits opposing the motion or conduct discovery related to it.'" *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio

App.3d 777, 2011-Ohio-3345, ¶ 18 (12th Dist.), quoting *Gates Mills Invest. Co. v. Pepper Pike*, 59 Ohio App.2d 155, 168-169 (8th Dist.1978); *Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 17. A party seeking a continuance to conduct discovery under Civ.R. 56(F) must support the motion by a proper affidavit. *Kolenich* at ¶ 18. "General averments requesting a continuance for the purpose of discovery are insufficient as the party must state a factual basis and reasons why the party cannot present sufficient documentary evidence without a continuance." *Bell* at ¶ 42.

{¶ 10} A trial court maintains discretion to manage the discovery process. *Bank of Am., N.A. v. Singh*, 12th Dist. Butler No. CA2012-07-146, 2013-Ohio-1305, ¶ 17. On appeal, a decision regarding the regulation of discovery will not be reversed absent an abuse of discretion. *Id.*; *Bell* at ¶ 43. An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 11} In support of their motion for additional discovery time under Civ.R. 56(F), appellants attached their sworn affidavits, which requested additional discovery time in order to depose certain witnesses. Appellants testified "[t]he purpose of [those] deposition[s] would be to obtain admissible evidence that [JPMorgan] has not suffered any damages due to my alleged default or at least that [JPMorgan's] damages are less than [JPMorgan] request[ed] in their Complaint." No additional reasons for additional discovery time were provided in appellants' affidavits, except to acknowledge, "[i]f I am not permitted to conduct this discovery I will have no other way to provide this Court with the facts necessary to justify my opposition to summary judgment."

{¶ 12} Based on our review of the record, we find the trial court did not abuse its discretion in denying appellants' Civ.R. 56(F) motion. Appellants had a sufficient opportunity in both state and federal court to conduct discovery. *Singh* at ¶ 18 (The Ohio Rules of Civil

Procedure "allow parties to conduct discovery after commencement of the action."). The original foreclosure action in this lawsuit was commenced on July 15, 2011. Although the trial court lacked the ability to order any discovery during the five-month period before the case was voluntarily dismissed, appellants still had more than 14 months to conduct relevant discovery before JPMorgan filed its motion for summary judgment at issue in this case. *Wells Fargo Bank, N.A. v. Washington*, 12th Dist. Butler No. CA2011-11-211, 2013-Ohio-773, ¶ 11 (holding that a trial court is divested of jurisdiction following a voluntary dismissal of a complaint).

{¶ 13} Moreover, appellants' suggestion that JPMorgan cannot foreclose on their property because of "collateral source payments," such as TARP bailout money is without merit. *See Sipple v. A.G. Edwards & Sons, Inc.*, 1st Dist. Hamilton No. C-10701, 2002-Ohio-4342, ¶ 7 (a trial court does not abuse its discretion in denying a Civ.R. 56(F) motion "if discovery proceedings would not have aided in establishing or negating the facts material to the claims"). Appellants have failed to provide any support for the contention that "collateral source payments," such as the TARP bailout money, precludes a creditor from bringing an action in foreclosure. In fact, this court has previously considered and rejected identical arguments raised on this issue. *Kolenich*, 2011-Ohio-3345 at ¶ 22-25; *BAC Home Loans Servicing, L.P. v. Kolenich*, 12th Dist. Butler No. CA2012-01-001, 2012-Ohio-5006, at ¶ 40.

{¶ 14} In conclusion, appellants had ample opportunity to conduct discovery during this lengthy foreclosure action and additional time for discovery on the issue of "collateral source payments" would not have aided in establishing or negating any material fact involved in the litigation. Because appellants did not provide any other specific reason to justify their motion for additional discovery time under Civ.R. 56(F), we find the trial court did not abuse its discretion in denying appellants' motion.

{¶ 15} Since we find the trial court did not err when it denied appellants' motion for

additional discovery time, we now address whether the trial court properly granted JPMorgan's motion for summary judgment. Summary judgment is a procedural device used to terminate litigation and avoid a formal trial where there are no issues in a case to try. *Simmons v. Yingling*, 12th Dist. Warren No. CA2010-11-117, 2011-Ohio-4041, ¶ 19. An appellate court's review of a summary judgment decision is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶ 16} Pursuant to Civ. R. 56, summary judgment is appropriate when "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." *Whitaker v. Advantage RN, L.L.C.*, 12th Dist. Butler No. CA2012-04-082, 2012-Ohio-5959, ¶ 16, quoting *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 368 (1998). The party moving for summary judgment has the initial burden of demonstrating no genuine issue of material fact exists. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). "The nonmoving party must then rebut the moving party's evidence with specific facts showing the existence of a genuine triable issue; it may not rest on the mere allegations or denials in its pleadings." *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. Butler No. CA2009-11-288, 2010-Ohio-4802, ¶ 7.

{¶ 17} "A party seeking to foreclose on a mortgage must establish execution and delivery of the note and mortgage; valid recording of the mortgage; it is the current holder of the note and mortgage; default; and the amount owed." *Kolenich*, 2011-Ohio-3345 at ¶ 10, quoting *Countrywide Home Loans, Inc. v. Baker*, 10th Dist. Franklin No. 09AP-968, 2010-Ohio-1329, ¶ 8.

{¶ 18} In support of its motion for summary judgment, JPMorgan attached the affidavit of Richard Eubanks, a vice president of JPMorgan. Eubanks averred that JPMorgan was in

possession of the note, the note was secured by a mortgage on appellants' property, and the note was in default due to nonpayment. Eubanks also testified as to the total amount due and owing on the promissory note. A copy of the executed note and mortgage were attached to the affidavit. Appellants never denied that JPMorgan holds the note which is in default or that JPMorgan holds the mortgage on their property. Those pertinent facts appear undisputed in light of appellants' Civ.R. 56(F) motion, in which appellants acknowledged "[t]his case is unusual among modern foreclosure cases in that it does not present issues of the assignment date of the mortgage (Schwartzwald/jurisdiction issues)[1] or of Plaintiff's ability or right to enforce the note (UCC issues)."[2] Rather, appellants' sole basis for contesting the trial court's decision was based on the allegation that JPMorgan received "collateral source payments" through the receipt of TARP bailout money.

{¶ 19} Because appellants challenged the grant of summary judgment in favor of JPMorgan solely on the ground that they were unreasonably denied the opportunity to conduct discovery on the issue of "collateral source payments," we likewise find the trial court did not err in granting summary judgment in favor of JPMorgan on its foreclosure complaint. JPMorgan presented uncontested evidence that appellants had defaulted on the promissory note and JPMorgan had standing to foreclose on the property. Based on the evidence presented, appellants failed to demonstrate a genuine issue of material fact to survive summary judgment in the present action. Accordingly, we overrule appellants' sole assignment of error.

{¶ 20} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.

---

1. The Ohio Supreme Court in *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d, 2012-Ohio-5017, ¶ 24-25, determined that a plaintiff in a foreclosure action must have standing at the time the complaint is filed in order to invoke the jurisdiction of the common pleas court.

2. Ohio's version of the Uniform Commercial Code (U.C.C.) governs who may enforce a promissory note like the one at issue in the present case. R.C. 1301.01 et seq.; *Bell*, 2013-Ohio-3678 at ¶ 20.