[Cite as *Deutsche Bank Natl. Trust Co. v. Carter*, 2014-Ohio-5193.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

DEUTSCHE BANK NATIONAL
TRUST COMPANY,

     Plaintiff-Appellee,

  - vs -

ORLANDO CARTER,

     Defendant-Appellant.

:
:
:
:
:
:
:
:
:

CASE NOS. CA2014-01-001
              CA2014-01-010

O P I N I O N
11/24/2014

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 12CV82619

Jessica E. Salisbury-Cooper, Austin Landing 1, 10050 Innovation Drive, Suite 400, Miamisburg, Ohio 45342, for plaintiff-appellee

Orlando Carter, Reg. No. 04727-061, FSL Elkton, P.O. Box 10, Lisbon, Ohio 44432, defendant-appellant, pro se

     **M. POWELL, J.**

     {¶ 1}  Defendant-appellant, Orlando Carter, appeals from the decision in the Warren County Court of Common Pleas denying his motion to dismiss and granting summary judgment in favor of plaintiff-appellee, Deutsche Bank National Trust Company (Deutsche Bank). For the reasons detailed below, we affirm the decision of the trial court.

     {¶ 2}  On March 24, 2006, appellant executed a promissory note to Long Beach

Mortgage Company (Long Beach) in the principal amount of $850,000 to purchase a home located at 973 Sanctuary Lane, Maineville, Ohio in Warren County. The note was secured by a mortgage in favor of Long Beach.

{¶ 3} Long Beach indorsed the note in blank on July 14, 2009 and JPMorgan Chase Bank (JPMorgan), as Long Beach's eventual successor in interest, assigned the mortgage to Deutsche Bank.[1] The mortgage assignment provided that it included "the promissory note secured thereby."

{¶ 4} Appellant defaulted on the payment of the note and Deutsche Bank subsequently filed a complaint for foreclosure, which it later voluntarily dismissed. On August 7, 2012, Deutsche Bank re-filed its complaint for foreclosure. Appellant filed a pro se answer asserting various defenses, including: lack of standing, collateral estoppel, res judicata, and failure to state a claim.

{¶ 5} On June 12, 2013, Deutsche Bank filed its motion for summary judgment. Appellant filed a memorandum in opposition and later filed a motion for leave to file a third-party complaint against JPMorgan. The trial court denied appellant's motion for leave and granted summary judgment in favor of Deutsche Bank on the issue of standing to bring the action, but requested additional documentation on Deutsche Bank's compliance with conditions precedent, which Deutsche Bank subsequently provided. However, in the interim, appellant filed a Civ.R. 12(B)(6) motion to dismiss. On October 7, 2013, the trial court denied appellant's motion to dismiss and granted summary judgment and a decree in foreclosure to Deutsche Bank. Appellant now appeals, pro se, raising two assignments of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT COMMITTED ERROR BY GRANTING SUMMARY

---

1. Washington Mutual Bank (WAMU) became successor in interest to Long Beach. JPMorgan subsequently became successor in interest to WAMU by and through FDIC as receiver for WAMU.

JUDGMENT WITHOUT RESOLVING THE GENUINE ISSUES OF FACT REGARDING THE LOST ORIGINAL DOCUMENTATION IS NOT THE ORDINARY COURSE REGULARLY CONDUCTED BUSINESS ACTIVITY.

{¶ 8} In his first assignment of error, appellant argues the trial court erred in granting summary judgment in favor of Deutsche Bank.

{¶ 9} This court reviews a trial court's decision on summary judgment under a de novo standard of review. *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. Butler No. CA2009-11-288, 2010-Ohio-4802, ¶ 7. Pursuant to Civ.R. 56, summary judgment is appropriate when "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." *BAC Home Loans Serv., L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 17 (12th Dist.), citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370 (1998). The party moving for summary judgment has the initial burden of demonstrating no genuine issue of material fact exists. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). "The nonmoving party must then rebut the moving party's evidence with specific facts showing the existence of a genuine triable issue; it may not rest on the mere allegations or denials in its pleadings." *Sexton* at ¶ 7.

{¶ 10} "A party seeking to foreclose on a mortgage must establish execution and delivery of the note and mortgage; valid recording of the mortgage; it is the current holder of the note and mortgage; default; and the amount owed." *M&T Bank v. Johns*, 12th Dist. Clermont No. CA2013-04-032, 2014-Ohio-1886, ¶ 8.

{¶ 11} In *Federal Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, the Ohio Supreme Court held that standing in a foreclosure action is required to invoke the jurisdiction of the common pleas court, and therefore standing is to be determined

as of the filing of the complaint. *BAC Home Loans Servicing, L.P. v. Mapp*, 12th Dist. Butler No. CA2013-01-001, 2013-Ohio-2968, ¶ 12.

{¶ 12} On appeal, appellant contests the authenticity and validity of the endorsements on the mortgage and the note and argues that Deutsche Bank is not entitled to summary judgment. Appellant's argument stems from his belief that the original mortgage and note documents were lost at some point prior to the instant foreclosure action filed by Deutsche Bank. In support, appellant attached an affidavit in which he stated that he was not in default and also attached a portion of a 2009 email correspondence between a representative of Washington Mutual (WAMU), a predecessor in interest, to an assistant U.S. attorney. The U.S. attorney was investigating financial records related to a separate federal criminal charge pending against appellant.[2]

> We have researched all locations for the file belonging to Orlando Carter, and have been unsuccessful. As Marshelle mentioned to you from our previous conversation that we have images of the key documents, such as the Note, Mortgage, Loan Application, etc., but we don't have the Financial portion. I emailed you to Affidavit of Lost File/Collatoral [sic] Documents on April 10, 2009, which represents the missing portion of the servicing file.

In essence, appellant alleges that this email sent from the WAMU representative constitutes an admission on the part of Deutsche Bank that they do not have standing to foreclose on the property.

{¶ 13} After reviewing the record, we find Deutsche Bank established that it had standing and could institute these foreclosure proceedings by way of its interest in both the note and the mortgage. Therefore, appellant's arguments to the contrary are without merit.

---

2. Appellant is currently serving a 15-year prison sentence after he was convicted by a jury of mail fraud, conspiracy to commit mail and wire fraud, bank fraud, conspiracy to commit bank fraud, making false statements to the Small Business Administration, bankruptcy fraud, and making a false oath to a bankruptcy trustee. *United States v. Carter*, 6th Cir. No. 10-3723, 2010 WL 6790975 (July 12, 2010).

{¶ 14} As an initial matter, appellant's affidavit and email attachment are insufficient to defeat summary judgment as the allegations contained therein are neither relevant to the present dispute, nor binding on Deutsche Bank. Appellant presents no authority for the position that the alleged email "admission" by a WAMU representative in 2009 is binding on appellant. Moreover, it is unclear how the email supports appellant's position. The critical issue is the interest Deutsche Bank had in the note and mortgage at the time it filed the complaint for foreclosure as opposed to what interest WAMU may have had at some prior time. As a result, we reject appellant's contention that the email and self-serving affidavit raise a genuine issue of material fact to preclude summary judgment. *See, e.g., CitiMortgage v. Davis*, 12th Dist. Warren No. CA2013-09-088, 2014-Ohio-3292 (mere speculation does not raise a question of material fact to defeat summary judgment); *U.S. Bank Natl. Assn. v. Bobo*, 4th Dist. Athens No. 13CA45, 2014-Ohio-4975 (a self-serving affidavit that is not corroborated by any evidence is insufficient to establish the existence of an issue of material fact).

{¶ 15} To the contrary, the summary judgment evidence established that Deutsche Bank had possession of the note indorsed in blank at the time it filed its complaint and also had an interest in the mortgage.

{¶ 16} The record reflects that Deutsche Bank was the assignee of the mortgage when it filed its foreclosure complaint. A copy of the recorded mortgage and its assignment to Deutsche Bank was attached to the complaint. The mortgage assignment provided that it included "the promissory note secured thereby" and was recorded at the county recorder's office on July 28, 2009. Appellant fails to offer any evidence to the contrary. Therefore, Deutsche Bank established that it held an interest in the mortgage prior to the commencement of the action by way of this assignment. *See, e.g., Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 18 (unrebutted evidence of

recorded mortgage sufficient to show bank had interest in the mortgage).

{¶ 17} Furthermore, Deutsche Bank is the current holder of the note by virtue of its possession of the note indorsed in blank by authorized representatives from Long Beach, the loan originator.

{¶ 18} R.C. 1301.01 et seq., Ohio's version the Uniform Commercial Code, governs the creation, transfer, and enforceability of negotiable instruments, including notes secured by mortgages on real estate. *Bell* at ¶ 20. A person entitled to enforce an instrument includes "the holder of the instrument." R.C. 1303.31(A)(1). If the instrument is payable to bearer, then the person in possession of the instrument is the holder of the instrument. R.C. 1301.01(T)(1)(a). "When an instrument is indorsed in blank, the instrument becomes payable to bearer." R.C. 1303.25(B). A "blank indorsement" is an indorsement that is made by the holder of the instrument that does not identify the person to whom the instrument is payable. *Id.*

{¶ 19} In the present case, Deutsche Bank attached a copy of the note to the complaint. The note clearly indicates that the only indorsement on the note was provided by Long Beach who indorsed the note in blank. Therefore, the holder of the note is the person in possession of the note. *See, e.g., Bank of New York Mellon v. Putman*, 12th Dist. Butler No. CA2012-12-267, 2014-Ohio-1796 (plaintiff was holder of the note by virtue of its possession of the note indorsed in blank). In addition, Deutsche Bank presented affidavits submitted by Sokhavary Voeuth and Michael Brown, both Vice Presidents of JPMorgan, which serviced the payments on the note. Both Voeuth and Brown testified that Deutsche Bank was in possession of the note at the time the foreclosure action was commenced, the note was secured by a mortgage on appellant's property, and the note was in default due to nonpayment. Once again, appellant fails to proffer any relevant evidence to support a contrary position. Accordingly, Deutsche Bank was holder of the note.

{¶ 20} In sum, it is clear from the record that Deutsche Bank held both the note and the mortgage and followed proper procedure in initiating these foreclosure proceedings. Appellant has failed to rebut this evidence, and instead relies on speculative arguments in support of his position that are insufficient to defeat Deutsche Bank's motion for summary judgment. The averments made by Voeuth and Brown, as well as the accompanying note, mortgage, and mortgage assignment, show that Deutsche Bank was in possession of the note, the note was secured by a mortgage on appellant's property that had been assigned to Deutsche Bank, and the note was in default due to nonpayment. Therefore, we find the trial court did not err in granting summary judgment in favor of Deutsche Bank. Accordingly, we find appellant's first assignment of error lacks merit.

{¶ 21} Assignment of Error No. 2:

{¶ 22} PLAINTIFF CANNOT SURVIVE THE OHIO SAVINGS STATUTE, AND THUS, THE TRIAL COURT ERRED IN DENYING CARTER'S MOTION TO DISMISS.

{¶ 23} In his second assignment of error, appellant argues the trial court erred in denying his motion to dismiss.

{¶ 24} First, appellant argues that the present action is barred by operation of the Ohio Savings Statute because the re-filed complaint was filed more than one year after Deutsche Bank voluntarily dismissed the initial foreclosure action. Appellant's argument is wholly without merit.

{¶ 25} "Savings statutes operate to give a plaintiff a limited period of time in which to refile a dismissed claim that would otherwise be time-barred." *Internl. Periodical Distrib. v. Bizmart, Inc.,* 95 Ohio St.3d 452, 2002-Ohio-2488, ¶ 7. The savings statute, R.C. 2305.19(A), provides, in relevant part, that:

> [i]n any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one

- 7 -

year after * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, *whichever occurs later*.

(Emphasis added.)

{¶ 26} Here, Deutsche Bank filed an initial foreclosure action, arising from appellant's failure to make the necessary payments on the note beginning with the first missed payment on November 5, 2005. Deutsche Bank voluntarily dismissed that action, but appellant has remained in continuous default. The instant action was re-filed on August 7, 2012, which is within the applicable statute of limitations. R.C. 2305.06 (statute of limitations for a contract in writing). As such, Deutsche Bank was not required to re-file the foreclosure complaint within one year of dismissal, as the statute of limitations had not yet run on the original action. Therefore, the trial court properly denied appellant's motion to dismiss.

{¶ 27} Next, and also contained within his second assignment of error, appellant argues that the trial court erred in denying his motion for leave to file a third-party complaint against JPMorgan. As support, appellant asserts many of the same allegations contained in the first assignment of error relating to the alleged mishandling and loss of the original note and mortgage to argue that JPMorgan, as servicer of the note, "is or may be liable to [appellant] for all or part of [Deutsche Bank's] claim against [appellant]." We disagree.

{¶ 28} The decision of whether to grant a motion for leave to amend a pleading is within the sound discretion of the trial court. *Scovanner v. Ohio Valley Voices*, 12th Dist. Clermont No. CA2012-02-017, 2012-Ohio-3629, ¶ 28. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Estate of Everhart v. Everhart*, 2014-Ohio-2476, 14 N.E.3d 438 (12th Dist.). *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "While Civ.R. 15(A) allows for liberal amendment, the trial court does not abuse its discretion if it denies a motion to amend pleadings if there is a showing of bad faith, undue delay, or undue prejudice to the

- 8 -

opposing party." *Scovanner* at ¶ 28, citing *Hoover v. Sumlin*, 12 Ohio St.3d 1 (1984).

{¶ 29} Based on our review, we find no error in the trial court's decision denying appellant's motion to file a third-party complaint against JPMorgan. Appellant filed his motion for leave more than a year after the filing of the complaint and two months after Deutsche Bank had already filed for summary judgment. Therefore, appellant's request to add JPMorgan in a third-party complaint was untimely. Moreover, although appellant fails to set forth a clear explanation for the basis of his claim against JPMorgan, any such claim in the present case is clearly an independent cause of action. Furthermore, inasmuch as his claim relates to the assignment of the mortgage and note between JPMorgan and Deutsche Bank, appellant does not have standing to contest the transfer. *See, e.g., M & T Bank*, 2014-Ohio-1886 at ¶ 15 ("[B]ecause a debtor is not a party to the assignment of a note and mortgage, the debtor lacks standing to challenge their validity").

{¶ 30} As a result, we find the trial court did not err in denying appellant's motion to dismiss or in denying his motion to file an amended pleading to bring a third-party claim against JPMorgan. Appellant's second assignment of error is without merit and is overruled.

{¶ 31} Judgment affirmed.

RINGLAND, P.J., and HENDRICKSON, J., concur.