[Cite as *In re Estate of Klie*, 2017-Ohio-487.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

In re Estate of Charles W. Klie,  :

                                 :          No. 16AP-77
                                            (Prob. No. 527992)

[Lawrence R. Glazer,             :

        Appellant].              :          (REGULAR CALENDAR)

---

D E C I S I O N

Rendered on February 9, 2017

---

**On brief:** *Lane Alton & Horst LLC*, and *Robert M. Morrow*, for appellee Susan Klie, Fiduciary of the Estate of Charles W. Klie. **Argued:** *Robert M. Morrow*.

**On brief:** *Lawrence R. Glazer*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas,
Probate Division

DORRIAN, J.

{¶ 1}  Appellant, Lawrence R. Glazer, appeals from a judgment of the Franklin County Court of Common Pleas, Probate Division, overruling appellant's objections to a magistrate's decision and adopting the magistrate's decision awarding attorney fees and costs to counsel for the Estate of Charles W. Klie ("the Estate").  For the following reasons, we affirm.

**I.  Facts and Procedural History**

{¶ 2}  Charles W. Klie ("decedent") died testate on January 31, 2008, as a resident of Franklin County, Ohio.  His last will and testament was admitted to probate on March 31, 2008.  Appellant and Susan Klie were among the beneficiaries named in the will.  For purposes of determining the present appeal, we need not recount the full history of the Estate during the nearly eight-year period between admission of the will to probate and the attorney fees award that gives rise to this appeal.  We will, however, highlight

several events that are relevant to the issues before the court.  On April 1, 2008, Deborah Klie and Susan were appointed as co-administrators of the Estate.  On June 25, 2008, the co-administrators submitted an inventory and appraisal of the Estate.

{¶ 3}  On July 25, 2008, the probate court issued a certificate of transfer transferring decedent's interest in property located at 2498 Bristol Road, Columbus, Ohio ("the Bristol Road property"), to appellant.  Prior to the transfer of decedent's interest in the Bristol Road property to appellant, Chase Home Finance, LLC, filed a foreclosure claim against the Bristol Road property.  *See Chase Home Fin., L.L.C. v. Klie,* Franklin C.P. No. 08CV-8151.  The action was later voluntarily dismissed. Although the foreclosure action is not part of the direct procedural history of this case, it is relevant to the issues discussed herein.

{¶ 4}  On April 20, 2009, the co-administrators filed a first partial fiduciary's account.  On that same date, the probate court issued an entry accepting Deborah Klie's voluntary resignation as co-administrator.  On April 29, 2009, Susan filed the Estate's tax return.  On May 28, 2009, appellant filed exceptions to the first partial fiduciary's account, which were scheduled for a hearing.  On July 16, 2009, Susan filed an amended inventory and appraisal.  Subsequently, an amended first partial fiduciary's account was filed on August 5, 2009.  Appellant and Susan then filed a joint request for entry of an order withdrawing appellant's exceptions to the first partial fiduciary's account, which was granted.  In March 2010, the Estate filed an amended tax return.  Susan filed a second partial fiduciary's account on May 5, 2010.  Appellant filed exceptions to the second partial fiduciary's account, which were scheduled for a hearing.  Following the hearing, a magistrate of the probate court issued a decision dismissing appellant's exceptions to the second partial fiduciary account and recommending that the account be approved and settled.  Appellant then filed objections to the magistrate's decision. Following a hearing, the probate court issued a judgment entry on November 12, 2010, dismissing appellant's objections, adopting the magistrate's decision, and approving the second partial fiduciary's account.  In each of the years from 2011 through 2014, Susan filed subsequent partial fiduciary's accounts.  Appellant did not file exceptions to these partial fiduciary's accounts.

{¶ 5}  On September 5, 2014, counsel for the Estate filed an application for attorney fees, requesting $63,761.50 in fees and $670.00 in costs.  Appellant submitted a filing disputing the reasonableness of the attorney fees requested.  A magistrate of the probate court conducted a hearing on the application for attorney fees on November 5 and 17, 2014.  On August 6, 2015, the magistrate issued a decision overruling appellant's objection to one of the exhibits introduced at the hearing and holding that $62,705.50 in attorney fees and $664.25 in costs were proper, reasonable, and necessary for the Estate and approving payment of those amounts from the assets of the Estate.  Appellant submitted objections to the magistrate's decision.  Appellant did not file a transcript of the hearing before the magistrate in support of his objections to the magistrate's decision.  On January 8, 2016, the probate court issued a judgment entry denying appellant's objections to the magistrate's decision and adopting the magistrate's decision.

## II.  Assignments of Error

{¶ 6}  Appellant appeals and assigns the following eleven assignments of error for our review:

> [I.] A magistrate has no subject matter jurisdiction to make factual findings in probate matters.
>
> [II.] Proceedings under R.C. 2113.36 are not subject to Rule 53.
>
> [III.] Probate Court Local Rule 75.11 is void and unconstitutional as applied to R.C. 2113.36 summary proceedings.
>
> [IV.] The Summary Invoice, Trial Exhibit 1, was not properly admitted into evidence because it is a self-serving hearsay statement prepared in anticipation of and for the purpose of prevailing in a contested proceeding.
>
> [V.] After finding that Trial Exhibit 1 is a "compilation of data" the magistrate and probate court failed to apply Evid. Rule 1006 to determine admissibility.
>
> [VI.] A revised, redacted summary of work performed with "block billing" cannot satisfy the fee applicant's burden of proof that "the billed time was fair, proper and reasonable."

[VII.] The probate court erred as a matter of law by failing to address the factors listed in Rule 1.5 in evaluating the reasonableness of the attorney fees requested.

[VIII.] The finding that unnecessary corrective actions taken to file an amended inventory and amended tax returns to appease a beneficiary were necessary and beneficial to the estate is erroneous as a matter of law.

[IX.] The probate court erred as a matter of law and fact in finding that the estate was insolvent.

[X.] The probate court's finding that Chase had a properly filed claim under R.C. 2117.06(A) necessitating that the estate remain open until the running of the longest possible statute of limitations is wrong as a matter of law.

[XI.] Since section 2113.36 and tax regulations require that attorney fees be actually incurred, reasonable, and necessary for the administration of the estate, the probate court's award doubling the fees disclosed and allowed as a deduction on the estate tax return is ultra vires and per se unreasonable, arbitrary, and capricious.

## III. Discussion

{¶ 7} Generally, when objections to a magistrate's decision are filed, a trial court undertakes a de novo review of the magistrate's decision. *McNeilan v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 10AP-472, 2011-Ohio-678, ¶ 19. Pursuant to Civ.R. 53, however, if an objecting party fails to provide a transcript or affidavit of evidence, the trial court must accept the magistrate's factual findings and limit its review to the magistrate's legal conclusions. *Phelps v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-70, 2016-Ohio-5155, ¶ 28; *Ramsey v. Ramsey*, 10th Dist. No. 13AP-840, 2014-Ohio-1921, ¶ 18. "Regardless of whether a transcript is filed, the trial court has the authority to determine whether the magistrate's findings of fact are sufficient to support the conclusions of law made, and to reach a different legal conclusion as long as that conclusion is supported by the magistrate's findings of fact." *Martin v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-1006, 2008-Ohio-3166, ¶ 10. In this case, appellant submitted objections to the magistrate's decision but did not provide a transcript; therefore, the probate court accepted the magistrate's factual findings and conducted an independent review of the

magistrate's conclusions of law. The probate court ultimately rejected appellant's objections and adopted the magistrate's decision as its own.

{¶ 8} On appeal, we review a trial court's adoption of a magistrate's decision for abuse of discretion. *McNeilan* at ¶ 19. Appellant sought to supplement the record on appeal by filing a transcript of the proceedings before the magistrate. We denied the motion to supplement; because the probate court did not have the opportunity to review the transcript when ruling on appellant's objections to the magistrate's decision, we are precluded from considering it on appeal. *Sanders v. Wamco Inc.*, 10th Dist. No. 10AP-548, 2011-Ohio-1336, ¶ 10. *See also State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995) ("When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. In other words, an appeal under these circumstances can be reviewed by the appellate court to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion."). (Citations omitted.) An abuse of discretion occurs when a trial court's decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9} Appellant's first three assignments of error challenge certain procedural aspects of the proceedings in the probate court and will be addressed together. In his first assignment of error, appellant asserts the magistrate lacked authority to make factual findings, arguing that the probate court lacked statutory authority to delegate this task to a magistrate.[1] In his second assignment of error, appellant claims that proceedings for attorney fees under R.C. 2113.36 are not subject to Civ.R. 53. In his third assignment of

---

[1] We note that appellant's first assignment of error is phrased as a challenge to the probate court's subject-matter jurisdiction, perhaps in an attempt to avoid the waiver resulting from having failed to raise this argument before the probate court. *See State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 78 (1998) ("Subject matter jurisdiction may be raised at any time because a court that lacks subject matter jurisdiction lacks the power to hear the case."). On review, however, it is clear that the argument presented in the first assignment of error is a challenge to the procedure employed by the probate court—i.e., referral of the case to a magistrate to make a preliminary determination, including findings of fact—rather than a challenge to the probate court's authority to hear the case. *See Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 19 ("Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases.").

error, appellant argues that former Loc.R. 75.11 of the Franklin County Court of Common Pleas, Probate Division, is unconstitutional as applied to proceedings for attorney fees under R.C. 2113.36.[2] Appellant asserts each of these alleged errors for the first time on appeal; they were not presented to the probate court in his objections to the magistrate's decision.

{¶ 10} " 'Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed.' " *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81 (1997), quoting *Goldberg v. Indus. Comm.*, 131 Ohio St. 399, 404 (1936). *See also State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus ("Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.").

{¶ 11} Accordingly, we overrule appellant's first, second, and third assignments of error.

{¶ 12} Appellant's remaining eight assignments of error address various conclusions reached by the magistrate and the probate court in overruling appellant's objections and adopting the magistrate's report. We will consider each of these arguments in turn. As noted above, we apply an abuse of discretion standard in reviewing the probate court's adoption of the magistrate's decision.

{¶ 13} Appellant's fourth assignment of error asserts that appellee's exhibit 1 should not have been admitted into evidence because it was a self-serving hearsay statement prepared in anticipation of litigation. The magistrate's decision indicates that appellee's exhibit 1 consisted of the application for fees and attached schedule A. The magistrate found that schedule A, as attached to appellee's exhibit 1, was the culmination of the ordinary business records for the law firm representing the Estate and was representative of the request for fees. The magistrate concluded that exhibit 1, including schedule A, was admissible under the business records exception to the hearsay rule because it met the four essential elements necessary to qualify for admission under that

---

[2] Appellant's main brief on appeal was filed May 5, 2016. Effective August 2016, the Local Rules of the Probate Division were amended. The relevant provision governing objections to a magistrate's decision is now contained in Loc.R. 75.18.

exception. The magistrate noted that two attorneys who represented the Estate, Johnathon Murphy and Robert Morrow, testified with respect to the creation and maintenance of the records used to create schedule A. The magistrate's decision cited testimony from Murphy that the law firm's case management software, which was used to track hours worked on the Estate, reflected a substantially higher number of hours, and that Murphy and Morrow reduced the hours to reflect work performed from January 31, 2008 through May 16, 2014.

{¶ 14} Appellant argues that appellee's exhibit 1 was inadmissible because it was a document prepared in anticipation of litigation, citing the magistrate's finding that Murphy testified to the effect that he and Morrow reduced the number of hours reflected in the case management software in preparing the fees request. Appellant asserts that document was prepared in anticipation of litigation and asserts that documents prepared in anticipation of litigation are inadmissible under the business records exception to the hearsay rule. However, appellant's argument misconstrues this limitation on the business records exception to the hearsay rule.

{¶ 15} Generally, hearsay evidence is not admissible. Evid.R. 802. Evid.R. 803(6) provides an exception to the rule against hearsay:

> A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

As the Supreme Court of Ohio has held, in the context of a predecessor to the modern rules of evidence, the exception to the hearsay rule for business records is based on the assumption that records made in the regular course of business by those with competent knowledge of the facts recorded and an interest in the accuracy of the records are accurate and trustworthy. *Weis v. Weis*, 147 Ohio St. 416, 425-26 (1947). As Evid.R. 803(6) states, records satisfying the requirements of the business records exception are admissible

"*unless* the source of information or the method or circumstances of preparation indicate lack of trustworthiness." (Emphasis added.)

{¶ 16} In the present case, the magistrate concluded that the testimony from Murphy and Morrow established that the itemized fee statement included in appellee's exhibit 1 was recorded as part of regularly-conducted law firm business at or near the time of the acts it recorded and that Murphy and Morrow had knowledge of the acts recorded and made the records. In reviewing appellant's objection, the probate court found there was a proper foundation for the evidence and that the testimony supporting it was trustworthy. The probate court further concluded that the exhibit was not prepared in anticipation of litigation because it was a compilation of data prepared throughout the course of representation. Thus, it appears that the probate court thoroughly considered appellant's objection and rejected the argument that exhibit 1 should have been excluded under the hearsay rule. Under these circumstances, the probate court did not abuse its discretion by denying this objection.

{¶ 17} Accordingly, we overrule appellant's fourth assignment of error.

{¶ 18} Appellant's fifth assignment of error asserts the magistrate and the probate court erred by failing to apply Evid.R. 1006 in determining the admissibility of appellee's exhibit 1. Appellant argues that Murphy referred to monthly attorney fee statements in his testimony and that, because these monthly fee statements were not produced, the court should have considered Evid.R. 1006 to determine whether exhibit 1 was admissible. Evid.R. 1006 provides that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." As noted above, the magistrate's decision indicated that appellee's exhibit 1 consisted of the application for fees and attached schedule. Although appellee's exhibit 1 is not part of the record before us because appellant did not file a copy of the transcript and exhibits with the probate court, the fee application is part of the record. A review of the fee application indicates that it would not be the type of summary evidence contemplated under Evid.R. 1006. The application for fees sets forth the fees and costs associated with services provided to the Estate between January 31, 2008 and May 6, 2014. Assuming for purposes of analysis that the application for fees was based on monthly attorney fee records kept over this six-

year period, the fact that it was presented in the form of a single document covering the entire period rather than multiple monthly records does not make the fee application a summary of those monthly records. Moreover, it was the application for fees itself, not the underlying monthly billing records, that was at issue before the court. The probate court did not directly address this argument, which was contained in appellant's first objection to the magistrate's decision, but implicitly rejected it by overruling the objection. Based on our review of the record, the trial court did not abuse its discretion by rejecting this argument in support of the first objection.

{¶ 19} Accordingly, we overrule appellant's fifth assignment of error.

{¶ 20} Appellant's sixth and seventh assignments of error are interrelated, and we will consider them together. In his sixth assignment of error, appellant asserts the probate court erred by concluding that the attorney fees request was fair, proper, and reasonable because it was based on billing records that used block billing. Appellant asserts there was no expert testimony on the reasonableness, necessity, or propriety of the services provided on behalf of the Estate. In his seventh assignment of error, appellant asserts the probate court erred as a matter of law by failing to address the factors provided in Prof.Cond.R. 1.5 in determining the reasonableness of the attorney fees request.

{¶ 21} Reasonable attorney fees paid by the executor or administrator of an estate are allowed as part of the expenses of administration and the probate court is authorized to fix the amount of such fees. R.C. 2113.36. *See also In re Estate of Haller*, 116 Ohio App.3d 866, 870 (10th Dist.1996) ("R.C. 2113.36 gives exclusive original jurisdiction to the probate court to determine the reasonableness of attorney fees."). The attorney seeking fees bears the burden of proving the reasonableness of the fees. *In re Estate of Born*, 10th Dist. No. 06AP-1119, 2007-Ohio-5006, ¶ 18. In determining the reasonableness of attorney fees, the probate court must consider the facts and circumstances of each case. *Id.* at ¶ 19. The probate court may also consider the factors set forth in Prof.Cond.R. 1.5, which sets forth general principles applicable to determining the reasonableness of attorney fees. *Id. See also* Loc.R. 71.7 of the Probate Division ("The burden is upon the attorney to prove the reasonableness of the fee as governed by Prof.Cond.R. 1.5.").

{¶ 22} With respect to the need for expert testimony as to the reasonableness and necessity of attorney fees, this court has previously held that although the better practice may be to introduce expert testimony regarding the reasonableness of fees, a probate court judge is qualified to make a determination of the reasonable attorney fees to be paid from an estate without the necessity of expert testimony, based on evidence of the fees incurred. *Born* at ¶ 21; *Haller* at 870. The Supreme Court has held that when a court has statutory authority to award attorney fees, the amount of such fees is within the discretion of the court. *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 146 (1991). " 'Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere.' " *Id.*, quoting *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.*, 23 Ohio App.3d 85, 91 (12th Dist.1985).

{¶ 23} The magistrate noted that Morrow and Murphy "each testified at length regarding their services as counsel for the Estate." (Aug. 6, 2015 Mag. Decision at 13.) The magistrate further noted that the request for fees was supported with a detailed billing invoice encompassing services performed from January 31, 2008 through May 6, 2014, and that the billing invoice contained sufficient detail to justify that each entry was necessary, reasonable, and beneficial to the Estate. Although not expressly identified as such in this portion of the magistrate's decision, presumably this invoice was the invoice included in the application for fees, which was admitted as appellee's exhibit 1. The magistrate also expressly cited the factors contained in Prof.Cond.R. 1.5 and found that, in consideration of those factors, the fees requested were generally proper, necessary, reasonable, and beneficial to the Estate. Moreover, it is noteworthy that the magistrate went on to identify 16 specific entries from the fees request and 4 specific items from the cost request that he concluded were *not* necessary, reasonable, or beneficial to the Estate and deducted those amounts from the fees and costs awarded. Thus, it is clear that the magistrate thoroughly analyzed the attorney fees request and determined the necessity and reasonableness of the fees.

{¶ 24} In reviewing appellant's objections to the magistrate's decision, the probate court concluded that "[t]he record in this matter clearly reflects the fact that there was extensive and detailed testimony fully explaining the legal services performed, the reasons why they were necessary, and the hourly rate charged by the attorneys." (Jgmt. Entry at

11-12.)  The probate court concluded that the fees charged and the hourly rate were consistent with those for attorneys with similar experience who practiced before the probate court and that the record of contested matters with respect to the Estate demonstrated the reasonableness and necessity of the fees.  The probate court rejected appellant's argument that the magistrate did not consider the Prof.Cond.R. 1.5 factors, noting that the magistrate specifically cited those factors and reviewed them in his evaluation of the reasonableness of the fees.  Under these circumstances, the probate court did not abuse its discretion in denying appellant's objections and adopting the magistrate's decision with respect to the reasonableness and necessity of the attorney fees and costs.

{¶ 25} Accordingly, we overrule appellant's sixth and seventh assignments of error.

{¶ 26} Appellant's eighth assignment of error asserts the magistrate erred by concluding that corrective actions taken by filing an amended estate inventory and amended tax returns were necessary and beneficial to the Estate.  In support of this argument, appellant asserts that he argued before the magistrate that portions of the billed time sought in the fee request did not benefit the Estate because the services were provided to correct errors committed in the administration of the Estate.  As noted above, because appellant did not provide a transcript, the probate court was required to accept the magistrate's findings of fact and was limited to review of the magistrate's conclusions of law. *Phelps* at ¶ 28. We review the probate court's adoption of the magistrate's decision for abuse of discretion. *McNeilan* at ¶ 19.

{¶ 27} The magistrate found that on April 20, 2009, the administrators filed the first partial fiduciary account, and on April 29, 2009, Susan filed the Estate tax return. The magistrate further found that appellant filed exceptions to the first partial fiduciary account on May 28, 2009.  Susan then filed an amended inventory and appraisal on July 16, 2009, and an amended partial fiduciary account on August 5, 2009. The magistrate found that on August 26, 2009, Susan and appellant filed a joint request for an entry approving the withdrawal of appellant's exceptions to the partial account because all of the exceptions were addressed and resolved.  Based on these factual findings, the magistrate concluded that the corrective actions taken in response to appellant's objections were necessary and beneficial to the Estate.  Reviewing appellant's objections

to the magistrate's decision, the probate court concluded that the legal services performed were necessary and beneficial to the Estate.

{¶ 28} An administrator seeking attorney fees under R.C. 2113.36 must demonstrate that the legal services provided benefitted the estate, not the administrator personally. *In re Estate of Hathaway*, 10th Dist. No. 13AP-152, 2014-Ohio-1065, ¶ 9. The magistrate found that certain filings were amended after appellant filed exceptions, and that appellant withdrew his exceptions after the amendments were filed. Thus, it appears that the magistrate concluded the amendments were necessary and beneficial to the Estate by eliminating any errors or omissions appellant perceived to exist in the original filings. Under these circumstances, the probate court did not abuse its discretion by adopting the magistrate's conclusion that the attorney fees related to these amendments were necessary and beneficial to the Estate.

{¶ 29} Accordingly, we overrule appellant's eighth assignment of error.

{¶ 30} In his ninth assignment of error, appellant asserts the probate court erred by finding that the Estate was insolvent. Appellant claims the magistrate made no factual finding or conclusion of law regarding the solvency of the Estate but that the probate court found the Estate was not solvent at the time reinstatement of the mortgage on the Bristol Road property was an option. In support of his argument, appellant cites to various trial testimony and exhibits which he asserts demonstrate that the Estate could have prevented the foreclosure action against the Bristol Road property. Absent a transcript of the trial proceedings, neither the probate court nor this court can evaluate the accuracy of those assertions. Therefore, we have no basis to conclude that the probate court abused its discretion.

{¶ 31} Accordingly, we overrule appellant's ninth assignment of error.

{¶ 32} In his tenth assignment of error, appellant asserts the probate court erred by concluding that Chase Home Finance had a properly filed claim under R.C. 2117.06, requiring the Estate to remain open until the longest statute of limitations expired. In June 2008, Chase Home Finance filed a complaint for judgment on the note and foreclosure on the mortgage of the Bristol Road property. *See Chase Home Finance,* Franklin C.P. No. 08CV-8151. The complaint sought judgment and interest from January 1, 2008. Chase Home Finance ultimately voluntarily dismissed that foreclosure

action without prejudice on November 6, 2009. The probate court concluded that it was necessary to keep the Estate open until Spring 2014 because Chase Home Finance could refile the foreclosure complaint until that time. Appellant argues that this conclusion was wrong as a matter of law because Chase Home Finance only had one year after the voluntary dismissal to refile its claim pursuant to the savings statute.

{¶ 33} R.C. 2305.19(A) provides that if an action "fails otherwise than upon the merits," the plaintiff "may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, *whichever occurs later*." (Emphasis added.) The statute of limitations for a claim on a promissory note payable at a definite time is six years after the accelerated due date. R.C. 1303.16(A). Chase Home Finance was not required to re-file its complaint within one year of November 6, 2009 because the original statute of limitations extended beyond that date. *See, e.g., Deutsche Bank Natl. Trust Co. v Carter*, 12th Dist. No. CA2014-01-001, 2014-Ohio-5193, ¶ 26 (holding that bank was not required to re-file foreclosure complaint within one year of voluntary dismissal because statute of limitations had not run on original action). Thus, the probate court did not err by concluding that it was proper to keep the Estate open during the period in which Chase Home Finance could have re-filed the foreclosure action.

{¶ 34} Accordingly, we overrule appellant's tenth assignment of error.

{¶ 35} In his eleventh assignment of error, appellant argues the probate court's decision adopting the attorney fees award was unreasonable, arbitrary, and capricious because the fees sought exceeded the amount of attorney fees claimed as a deduction on the Estate's amended tax return. Appellant asserts that under tax law, the Estate was only able to claim actual and necessary attorney fees as deductions on its tax return. Appellant claims that the amended tax return claimed a $25,000 deduction for attorney fees, but that the documents associated with the attorney fee request indicated that approximately $47,000 in attorney fees had been accrued by that time. Appellant argues that the attorneys were unable to reconcile this alleged discrepancy at the hearing.

{¶ 36} Appellant's argument in support of his eleventh assignment of error relies solely on purported hearing testimony and two exhibits introduced at the hearing. As noted above, appellant failed to provide the probate court with a transcript of the hearing

before the magistrate or the associated exhibits, and we are therefore precluded from considering those materials on appeal.     Absent any other material in support of appellant's argument, we are unable to conclude that the probate court abused its discretion by adopting the magistrate's decision with respect to attorney fees on this basis.

{¶ 37} Accordingly, we overrule appellant's eleventh assignment of error.

## IV. Conclusion

{¶ 38} For the foregoing reasons, we overrule appellant's eleven assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.

*Judgment affirmed.*

TYACK, P.J., and BRUNNER, J., concur.