[Cite as *In re Estate of Hunter*, 2023-Ohio-1197.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of the Estate of Dessie M. Hunter, | : | No. 22AP-430 (Prob. No. 611140) |
| | : | |
| [John Neil Lindsey, | : | (REGULAR CALENDAR) |
| Appellant]. | : | |

D E C I S I O N

Rendered on April 11, 2023

**On brief:** *John Neil Lindsey*, pro se.

APPEAL from the Franklin County Court of Common Pleas,
Probate Division

LUPER SCHUSTER, J.

{¶ 1} Appellant, John Neil Lindsey, appeals from a judgment of the Franklin County Court of Common Pleas, Probate Division, approving in part, and denying in part, Lindsey's attorney fees request. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On April 28, 2021, Dessie M. Hunter ("decedent") died intestate, and her son, George Hunter, was appointed administrator of her estate in July 2021. George retained Lindsey as legal counsel to assist in the administration of the estate. In May 2021, the state of Ohio asserted a Medicaid estate recovery claim of $156,476.12 against decedent's estate. This claim was later waived in full.

{¶ 3} Decedent died with a fee simple interest in real estate appraised at $91,700.00. With the consent of all decedent's heirs, in February 2022, this property was sold. George subsequently filed the following documents in the probate court: the final fiduciary's account, receipts and disbursements (with the settlement statement for the sale

of the property attached), consent of each heir to the fiduciary's account and the receipts and disbursements, and consent of each heir to payment of the attorney fees of $18,180.00 (with Lindsey's billing statement included). The property settlement statement included a seller's debt of $23,471.41, which was identified as a charge for "Attorney Fee (Medicaid Neg.) to John Neil Lindsey." (Settlement Statement at 2.) The probate court set the matter for a hearing on attorney fees and the final and distributive account.

{¶ 4} Lindsey and the estate's administrator, George, appeared at the hearing. The probate court asked Lindsey why the attorney fees were relatively high in the administration of the estate, and Lindsey explained that the sale of decedent's property required an unusual amount of time because multiple deals fell through shortly before closing. Lindsey also indicated that the charged contingent fee was based on his efforts in negotiating the state of Ohio's full waiver of the Medicaid estate recovery claim. He acknowledged, however, that he did not obtain probate court approval before entering the contingent fee agreement with the fiduciary concerning the Medicaid estate recovery claim. George stated he was very pleased with Lindsey's legal work relating to decedent's estate. Approximately two weeks after the hearing, the probate court filed an entry approving and settling the estate accounts. A few weeks later, the probate court approved the requested attorney fees in part. The court approved the $18,180.00 in attorney fees that Lindsey billed to the estate based on his time spent on the matter, but it disallowed Lindsey's requested $23,471.41 contingent fee based on the state's waiver of the Medicaid estate recovery claim.

{¶ 5} Lindsey timely appeals.

## II. Assignment of Error

{¶ 6} Lindsey presents the following sole assignment of error for our review:

> The Trial Court abused its discretion by denying the attorney fee under the contingent fee agreement in full as it failed to apply fully the reasonableness factors of Professional Rule of Conduct 1.5(a).

## III. Discussion

{¶ 7} In his sole assignment of error, Lindsey alleges the probate court abused its discretion in disallowing his attorney fees request that was based on the contingent fee

agreement.  He contends the probate court erred in failing to properly consider and apply Prof.Cond.R. 1.5(a) as to that request.  This assignment of error is not well-taken.

{¶ 8}  The amount of an attorney fees award is a matter within the trial court's sound discretion.  *Bittner v. Tri-Cty. Toyota, Inc.*, 58 Ohio St.3d 143, 146 (1991).  An appellate court will not reverse a determination of attorney fees unless the appellant demonstrates an abuse of discretion and that " 'the amount of fees determined is so high or so low as to shock the conscience.' " *Id.*, quoting *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.*, 23 Ohio App.3d 85, 91 (12th Dist.1985).  An abuse of discretion connotes a decision that was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9}  "Reasonable attorney fees paid by the executor or administrator of an estate are allowed as part of the expenses of administration and the probate court is authorized to fix the amount of such fees." *In re Estate of Klie*, 10th Dist. No. 16AP-77, 2017-Ohio-487, ¶ 21.  R.C. 2113.36 states: "If an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration.  The court may at any time during administration fix the amount of those fees and, on application of the executor or administrator or the attorney, shall fix the amount of the fees." Thus, a probate court only may award reasonable fees to attorneys who are employed in the administration of an estate.

{¶ 10} The attorney seeking fees bears the burden of proving the reasonableness of the fees.  *In re Estate of Born*, 10th Dist. No. 06AP-1119, 2007-Ohio-5006, ¶ 18.  In determining the reasonableness of attorney fees, the probate court must consider the facts and circumstances of each case.  *Id*. at ¶ 19.  Ohio Sup.R. 71(A) provides that attorney fees in all matters shall be governed by Prof.Cond.R. 1.5, which states:

> The factors to be considered in determining the reasonableness of a fee include the following:
>
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent.

{¶ 11} Here, the fee at issue was a contingent fee. Except in certain matters, an attorney "fee may be contingent on the outcome of the matter for which the service is rendered." Prof.Cond.R. 1.5(c). "[T]he obvious but critical characteristic of a contingent fee arrangement [is] the presence of risk." *In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litigation*, 290 F.Supp.2d 840, 850 (N.D.Ohio 2003). A "contingent-fee lawyer bears the risk of receiving no pay if the client loses and is entitled to compensation for bearing that risk." Restatement of the Law 3d, Governing Lawyers, Section 35, Comment c (2000). Consequently, "the reasonableness of an attorney's contingent fee depends directly on whether (or to what extent) real risk is present." *Sulzer Hip Prosthesis* at 850. That is, " '[n]ot every contingent fee is justifiable by appeal to the lawyer's assumption of the risk of nonrecovery. There are situations in which the lawyer knows in advance that the contingency factor is negligible, or in which the lawyer's effort bear[s] virtually no relationship to the size of the recovery, resulting in pure windfall.' " *Id.* at 851, quoting 1 Hazard & Hodes, *The Law of Lawyering*, Section 8.6, at 8.16 (3d Ed.2000).

{¶ 12} A contingent fee agreement between an attorney and an estate administrator or executor generally must be preapproved by a probate court. Pursuant to Sup.R. 71(I), "[p]rior to a fiduciary entering into a contingent fee contract with an attorney for services, an application for authority to enter into the fee contract shall be filed with the court, unless otherwise ordered by local court rule. The contingent fee on the amount obtained shall be subject to approval by the court." Consistent with Sup.R. 71(I), Loc.R. 71.8 of the Franklin

County Probate Court states that "[a]ll fiduciaries shall make written application to the Court for authority to enter into a contingent fee contract." Such an application must include "a case plan, time projection, and estimated costs, as available," and is reviewed by the court for either preliminary approval or disapproval. Loc.R. 71.8. A preliminary approval is "subject to final review at the conclusion of the matter that is the subject of the contingent fee contract." Loc.R. 71.8.

{¶ 13} In this matter, Lindsey requested the probate court's approval of $23,471.41 as a contingency fee for his work relating to negotiating a waiver for a Medicaid estate recovery claim. After decedent's death, the state asserted a Medicaid estate recovery claim of nearly $160,000.00 against her estate. On December 23, 2021, George agreed to pay Lindsey 20 percent of the amount reduced or waived of the Medicaid estate recovery claim against decedent's estate resulting from Lindsey's services. At the attorney fees hearing before the probate court, Lindsey indicated he was able to obtain a full waiver of that claim against decedent's estate. Based on that waiver and the terms of the legal services agreement concerning the Medicaid estate recovery claim, he sought a fee of $31,295.22, less a discretionary reduction of 5 percent, or $23,471.41. The probate court denied Lindsey's contingent fee request for two reasons: "The contingent fee was not approved by the court prior to entering into a contingent fee agreement and Attorney Lindsey did not meet his burden of proof to show that amount was justified by the amount of time spent on the reduction of the Medicaid Estate Recovery Claim." (June 22, 2022 Jgmt. Entry at 3.)

{¶ 14} Both of these reasons are supported by law and the record. Despite the preapproval requirement set forth in Sup.R. 71(I) and Loc.R. 71.8, Lindsey concedes he and George did not obtain court approval before entering the contingent fee agreement. The "failure to comply with Sup.R. 71(I) is ample authority for a probate court to reject a contingent fee contract which has not received prior court approval and find that such a contract is not enforceable." *In re Stine*, 3d Dist. No. 5-06-11, 2006-Ohio-6687, ¶ 16. Thus, the non-compliance of Lindsey and the fiduciary with Sup.R. 71(I) and Loc.R. 71.8 provided a reasonable basis for the probate court to disallow the payment of the requested contingent fee.

{¶ 15} Additionally, the probate court's finding, that Lindsey did not meet his burden of demonstrating that the $23,471.41 fee was justified by the amount of time spent

on the reduction of the Medicaid estate recovery claim, is supported by the record. In effect, the probate court found that Lindsey did not show his request was reasonable. Lindsey argues that the probate court, in reaching this determination, did not consider factors favoring his position, such as his time communicating with several attorneys regarding the claim waiver, his experience and expertise in the subject matter, the customary fees charged in the locality, the results obtained, and his 5 percent reduction of the fee after successfully obtaining the waiver. We are unpersuaded.

{¶ 16} Lindsey's argument is flawed because it does not address the absence of evidence showing what he did, and how much time he spent, obtaining the waiver on his client's behalf, separate from, and in addition to, what is indicated on the invoice entries for his hourly charged work. Nor did he demonstrate that there remained real risk to the estate, at the time the contingent fee agreement was entered, that the state's Medicaid estate recovery claim would not be withdrawn or waived once the relevant information was provided to the state. At the attorney fees hearing, Lindsey stated he had communications with outside counsel from the Ohio Attorney General's Office and a Senior Assistant Ohio Attorney General concerning the Medicaid estate recovery claim. Lindsey also generally referenced negotiating the Medicaid estate recovery claim waiver. But he did not differentiate between time spent assisting in the administration of the estate and negotiating a waiver of the Medicaid estate recovery claim. Nor did he detail the circumstances of negotiating the waiver. In fact, Lindsey's itemized invoice for services provided in the administration of the estate, for which he was fully compensated, includes multiple references to "Medicaid waiver," and a charge for a January 5, 2022 consultation with counsel for the Ohio Attorney General's Office regarding "[c]onflict of interest and sense of impropriety." (Lindsey's Time & Expenses Invoice at 3.) Furthermore, the invoice also includes a charge relating to a December 23, 2021 e-mail from George "[c]onfirming waiver eligibility," which was the same date that Lindsey and George executed the contingent fee agreement. (Lindsey's Time & Expenses Invoice at 3.) Despite evidence of this confirmation, Lindsey did not indicate, at the attorney fees hearing, that real risk to the estate concerning the claim remained when the contingent fee agreement was entered.

{¶ 17} Therefore, even assuming Lindsey's experience, the customary fees charged in the locality, the results obtained, and his voluntary reduction of the fee, favored Lindsey's

position, the absence of evidence indicating real risk to the client when the agreement was entered and specifically what Lindsey did to "negotiate" and secure the waiver (the contingent event) in addition to, and separate from, hourly billed time, supported a finding that the contingent fee was not reasonable.  Based on these circumstances, we find the probate court did not abuse its discretion in concluding that Lindsey did not meet his burden of demonstrating his entitlement to the requested contingent fee.

**{¶ 18}** Because the probate court did not err in denying Lindsey's request for the approval of the contingent fee, we overrule his sole assignment of error.

## IV.  Disposition

**{¶ 19}**  Having overruled Lindsey's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.

*Judgment affirmed.*

BEATTY BLUNT, P.J., and MENTEL, J., concur.